UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EDWARD TRIPLETT, JR.,

       Plaintiff,

       v.                                             **DECISION AND ORDER**
                                                                   19-CV-6311S
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____

       1.      Plaintiff Edward Triplett, Jr., challenges the determination of an Administrative Law Judge ("ALJ") that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since February 18, 2016, due to several physical impairments, seizure disorder, and cognitive impairment. Plaintiff contends that his impairments render him unable to work, and thus, he is entitled to disability benefits under the Act.

       2.      Plaintiff filed an application for supplemental security income on February 26, 2016, which the Commissioner denied on April 26, 2016. Plaintiff thereafter requested a hearing before an ALJ. On April 24, 2018, ALJ Timothy Belford held a video hearing at which Plaintiff appeared remotely with counsel and testified. Vocational Expert Ralph E. Richardson also testified. At the time of the hearing, Plaintiff was 39 years old, with a limited education, and no past relevant work experience. The ALJ considered the case *de novo* and, on June 18, 2018, issued a written decision denying Plaintiff's application for benefits. The Appeals Council denied Plaintiff's request for review on February 28, 2019.

3. Plaintiff filed the current action on April 29, 2019, challenging the Commissioner's final decision.[1] On December 13, 2019, Plaintiff filed a Motion for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 14.) On February 10, 2020, the Commissioner filed a Motion for Judgment on the Pleadings. (Docket No. 16.) Plaintiff filed a reply on February 29, 2020 (Docket No. 17), at which time the motions were taken under advisement without oral argument. For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405 (g), 1383 (c)(3); Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the

---

[1] The ALJ's June 18, 2018 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

2

evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health & Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court of the United States recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

7. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed"

3

>impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

8. Although the claimant has the burden of proof on the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The final step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. § 423 (d)(2)(A); 20 C.F.R. § 404.1520 (f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since February 26, 2016 (R. at 20);[2] (2) Plaintiff's status post right ankle fracture, seizure disorder, degenerative disc changes of lumbar spine, and cognitive impairment are severe impairments within the meaning of the Act (R. at 21); (3) Plaintiff does not have an impairment or combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 21-23); (4) Plaintiff

---

[2] Citations to the underlying administrative record are designated as "R."

4

retained the residual functional capacity ("RFC") to perform a range of light work as defined in 20 C.F.R. § 416.967 (b), with certain exceptions[3] (R. at 23-28); (5) Plaintiff had no past relevant work (R. at 29); and (6) Plaintiff could perform jobs that exist in significant number in the national economy (R. at 29-30).  Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act since February 26, 2016, the date he filed his application for benefits.  (R. at 19, 30).

10. Plaintiff argues that the ALJ's assessment of his cognitive impairment is not supported by substantial evidence because the ALJ failed to develop the record with a consultative examination concerning his intellectual functioning.  He maintains that in the absence of such an examination, the ALJ lacked a sufficient record from which to assess the extent of his cognitive issues and how they might affect him in the workplace.  Defendant maintains that the ALJ's decision to proceed without further developing the record is free from error and that substantial evidence supports the ALJ's findings concerning Plaintiff's cognitive limitations.

11. Due to the non-adversarial nature of benefits proceedings, ALJs have an affirmative duty to fully develop the administrative record.  See Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009); 20 C.F.R. § 416.912 (b).  This responsibility "encompasses not only the duty to obtain a claimant's medical records and reports but also the duty to question the claimant adequately about any subjective complaints and the impact of the claimant's impairments on the claimant's functional capacity."  Pena v. Astrue, No. 07-

---

[3] The ALJ found that Plaintiff retained the RFC for light work, "except he can stand or walk no more than two hours each in an eight-hour workday[;] can occasionally climb ramps or stairs, balance, stoop, crouch, and crawl, but can never climb ladders, ropes, or scaffolds[;] should avoid exposure to unprotected heights and hazards in the workplace[;] [and] is limited to simple routine tasks with no more than occasional decision making and no more than occasional work place changes."  (R. at 23.)

CV-11099 (GWG), 2008 WL 5111317, at *8 (S.D.N.Y. Dec. 3, 2008).  The ALJ must fulfill this obligation even where the claimant is represented by counsel.  See Perez v. Chater, 77 F.3d 41, 47 (2d Cir. 1996).  But "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim."  Rosa v. Callahan, 168 F.3d at 79 n.5; see also Johnson v. Comm'r of Soc. Sec., 16-CV-831T, 2018 WL 1428251, *5 (W.D.N.Y. Mar. 22, 2018) ("Where the record evidence is sufficient for the ALJ to make a disability determination, the ALJ is not obligated to seek further medical records.").  The overriding inquiry is whether the evidentiary record before the ALJ was "robust enough to enable a meaningful assessment of the particular conditions on which the petitioner claim[ed] disability."  Sanchez v. Colvin, No. 13-CV-6303 (PAE), 2015 WL 736102, at *7 (S.D.N.Y. Feb. 20, 2015).

       12.    Here, this Court is satisfied that further development of the record was unnecessary.  The ALJ specifically examined the need for further intellectual-function testing after Plaintiff's attorney raised the issue at the hearing.  (R. at 39-40, 70.)  The ALJ examined the record before him and found the evidence sufficient to render a disability determination.  (R. at 18.)  While noting that specialized testing was not performed, the ALJ found that Plaintiff "underwent a consultative psychological examination that addressed his cognitive functioning, and many medical opinions, including treating opinions, do not raise a significant issue or concern about cognitive function that seriously impacts his employability."  Id. The ALJ therefore proceeded to render a decision without further developing the record.

13. In this Court's view, the ALJ's assessment of the record was correct. The record contains sufficient and substantial evidence supporting the ALJ's determination that Plaintiff's cognitive impairments do not seriously impact his ability to work. Of note, the record contains the consultative opinion of Adam Brownfeld, Ph.D., who conducted a psychiatric evaluation that included an assessment of Plaintiff's cognitive functioning. (R. 290-294.) Brownfeld found Plaintiff's intellectual functioning to be "in the lower average range" and his general fund of information "appropriate to experience." (R. at 292.) He further found that Plaintiff had no psychiatric or cognitive problems that would significantly interfere with his ability to function. Id.

14. Plaintiff contends that the ALJ should have further developed the record because Brownfeld's opinion stems from a psychiatric examination, not a cognitive-functioning evaluation. But the record is clear that Brownfeld assessed Plaintiff's cognitive functioning in the course of his evaluation. (R. at 290-294.) Brownfeld determined that Plaintiff's thought processes were "coherent and goal directed with no evidence of hallucinations, delusions, or paranoia;" that his attention and concentration were intact because he could "count, do simple calculations, and serial 3s correctly;" and that his recent and remote memory skills were intact because he could "recall 3 of 3 objects immediately and 3 of 3 objects after a delay," as well as "recall 5 digits forward and 3 digits backward." (R. at 291.) Brownfeld also found "no evidence of limitation in following and understanding simple directions and instructions, performing simple tasks independently, maintaining attention and concentration, maintaining a regular work schedule, learning new tasks, relating adequately with others, and appropriately dealing with stress." (R. at 292.) Thus, Brownfeld's opinion constitutes sufficient evidence

underlying the ALJ's cognitive-functioning findings and no further development of the record was necessary. See Hall *ex rel.* M.M. v. Astrue, No. 11-CV-6317T, 2012 WL 2120613, at *4 (W.D.N.Y. June 11, 2012) ("A consultative examination is unnecessary if the record contains sufficient information on which to base the decision.").

15. Plaintiff also contends that the ALJ's decision concerning his cognitive limitation is inconsistent because he found it to be a severe impairment at Step 2. There is, however, no inconsistency. Though the ALJ found that Plaintiff's cognitive functioning could significantly limit his ability to work, he accounted for that in Plaintiff's RFC by limiting him to simple routine tasks with no more than occasional decision making and no more than occasional workplace changes. (R. at 23.) There is thus no inconsistency.

16. For the reasons stated above, this Court finds no error and no obvious gaps in the record that would require remand on the ground that the ALJ failed to fully develop the record. The ALJ reasonably found the evidence of record concerning Plaintiff's cognitive functioning sufficient to render a determination, and this Court finds no reversible error in that determination.

17. Consequently, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds no error in the ALJ's determination. The decision contains an adequate discussion of the medical evidence supporting the ALJ's determination that Plaintiff was not disabled, and Plaintiff's aforementioned contentions are unavailing. Plaintiff's motion for judgment on the pleadings is therefore denied, and Defendant's motion seeking the same relief is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 14) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 16) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated: August 4, 2020
Buffalo, New York

s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge